IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARK PORTER                                                        PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 5:12cv116WJG-RHW

PHILLIPS 66 COMPANY, *et al.*                                      DEFENDANTS

<u>MEMORANDUM OPINION</u>

THIS CAUSE comes before the Court on the motion [19] of Plaintiff Mark Porter to remand the above referenced action to the Circuit Court of Jefferson County, Mississippi.  The Court has duly considered the record in this action, in addition to the briefs of counsel, and being fully advised in the premises, concludes as follows:

This suit was filed on or about June 27, 2012, seeking damages for alleged injuries caused by exposure to asbestos containing products.  (Ct. R., Doc. 4, pp. 2, 9-10.)  Plaintiff's claims are based on Mississippi common law causes of action including negligence and defective design; willful and/or negligent infliction of emotional distress; strict liability in tort; and product liability, which includes a claim for failure to warn, general Maritime claims, and under the Jones Act .  (Ct. R., Doc. 4, pp. 3-22.)  The case was removed on August 15, 2012, by Cactus International, Inc. [Cactus].  (Ct. R., Doc. 1.)  Since that time, an agreed order of dismissal of Cactus was entered in this case on September 13, 2012.  (Ct. R., Doc. 13.)

Plaintiff contends that he was injured while employed as a seaman for the Jones Act Defendants, which he names as Penrod Drilling Corporation; Diamond M. Drilling Co. and

Subsidiaries a/k/a Diamond M. Drilling & Exploration Company and Cactus.  (Ct. R., Doc. 20, p. 1.)  Porter contends that under the Jones Act, the case was not removable from state court.  (*Id.*, p. 2.)  In addition, Plaintiff maintains that because the only removing defendant was dismissed, the case should be remanded.  (*Id.*, p. 3.)  Further, no other defendant joined or consented to the removal, thus making remand of the case proper, according to the Plaintiff.  (*Id.*, p. 3.)  Plaintiff also seeks an award of attorneys' fees and costs.  (*Id.*, p. 4.)

According to Cactus, Plaintiff has not specified which companies he worked for during the relevant time period and does not indicate which asbestos-containing materials he was exposed to at work.  (Ct. R., Doc. 1, p. 2.)  Cactus also asserts that it is not a Jones Act employer because it has not operated a vessel in navigation.  (*Id.*, p. 5.)

<u>Discussion</u>

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).  In a remand situation, defendants bear the burden of establishing original federal jurisdiction.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995).  The Court, in determining if the defendants have carried this burden, resolves any doubts against removal.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), *cert. denied* 530 U.S. 1229.

Under 28 U.S.C. § 1446, all defendants must join in the removal petition within 30 days following the removal period, and the failure to do so renders the removal petition defective.  *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).  Because all served defendants must join in the removal and notice of removal must be filed within 30 days of service on the first

defendant, all served defendants must join in the removal no later than 30 days from the day on which the first defendant is served. *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).

There is no information within the record to indicate when the first defendant was served in this case, or when any defendant was served. (Ct. R.) The Court will examine the date of the removal petition and other documents to ascertain whether timely joinder in the removal was accomplished in this case.

The removal petition was filed in this case on August 15, 2012. (Ct. R., Doc. 1.) All joinders and consents to the removal would be due on September 14, 2012. According to the court record in this case, the following defendants filed a notice of appearance in that time period but did not submit their joinder or consent to the removal in this case: Union Carbide Corporation; Baker Hughes, Incorporated; Baker-Hughes Oilfield Operations, Inc.; and Oilfield Service and Supply Company, Inc. (Ct. R., Docs. 5, 7, 9.) No other defendant filed a joinder to the removal of this case. The Court concludes that the failure of these defendants to timely join in the notice of removal renders the removal defective. *See Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992), *reh'g denied* 979 F.2d 1536. This defective removal provides reason to sustain Plaintiff's motion to remand. Accordingly, the Court concludes that Plaintiff's motion to remand should be granted.

The Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and therefore finds Plaintiffs' request for attorneys fees should be denied. *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). "Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them." *Valdes,* 199 F.3d at 292.

<u>Conclusion</u>

For the aforementioned reasons, the Court finds that Plaintiff's motion [19] to remand this cause to the Circuit Court of Jefferson County, Mississippi, should be granted.  A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date.  Each party shall bear its respective costs in connection with this motion.

THIS the 19th day of June, 2013.


_Walter J. Gex_ III
_____
UNITED STATES SENIOR DISTRICT JUDGE